1. Scott E. Gizer, Esq., Nevada Bar No. 12216
      *sgizer@earlysullivan.com*
2. Sophia S. Lau, Esq., Nevada Bar No. 13365
      *slau@earlysullivan.com*
3. EARLY SULLIVAN WRIGHT
      GIZER & McRAE LLP
4. 8716 Spanish Ridge Avenue, Suite 105
   Las Vegas, Nevada 89148
5. Telephone: (702) 331-7593
   Facsimile: (702) 331-1652

6. 
7. Kevin S. Sinclair, NV Bar No. 12277
      *ksinclair@sinclairbraun.com*
   SINCLAIR BRAUN LLP
8. 16501 Ventura Blvd, Suite 400
   Encino, California 91436
9. Telephone: (213) 429-6100
   Facsimile: (213) 429-6101

10. 
11. Attorneys for Defendants
    FIDELITY NATIONAL TITLE GROUP, INC. and FIDELITY
12. NATIONAL TITLE INSURANCE COMPANY

    DESIGNATED LOCAL COUNSEL FOR SERVICE OF
13. PROCESS ON SINCLAIR BRAUN LLP PER L.R. IA 11-1(b)

14. Janet Trost, Esq., State Bar No. 4072
    501 S. Rancho Drive
15. Suite H-56
    Las Vegas, NV 89106

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY NATIONAL TITLE GROUP, INC., ET AL.,<br><br>Defendants. | Case No.: 2:20-CV-01886-GMN-BNW<br><br>**[PROPOSED] PROTECTIVE ORDER** |

    Plaintiff Deutsche Bank National Trust Company and Defendants Fidelity National Title Group, Inc. and Fidelity National Title Insurance Company (collectively, the "Parties"), by and through their undersigned counsel, stipulate and agree as follows, subject to the approval of the District Court:



**GOOD CAUSE STATEMENT**

The Parties in the above-entitled action (the "Action") possess confidential, proprietary and sensitive information of strategic and financial value which they wish to keep confidential. In the event that such information, as described below in paragraph 1, were to be unnecessarily disclosed, the Parties would suffer, among other things, financial and other hardship and the disclosure of the internal workings of its operation. For these reasons, good cause exists to enter this Protective Order (the "Protective Order"). To expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, adequately protect material claimed to be confidential, and ensure protection is afforded only to material so designated, good cause exists for this Protective Order.

1. Any of the Parties may designate any nonpublic document, material, or information as "Confidential" under the terms of this Protective Order if the designating Party believes in good faith that it contains any of the following:

   a. Defendants' internal underwriting practices and procedures;

   b. Defendants' internal claim handling practices and procedures;

   c. Confidential information related to insureds, the issuance of any insurance policies, and the handling of any related claims;

   d. Confidential borrower information regarding the origination, servicing, or administration of a related loan;

   e. The personal financial information of either current or former personnel or a consumer, including by way of example only, and without limitation, as social security numbers and bank account numbers.

   f. Any other information that concerns confidential proprietary information, trade practices and procedures, commercial, financial, pricing, budgeting, and/or accounting information, information about existing and potential customers, marketing studies, performance projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and confidential proprietary information about

affiliates, parents, subsidiaries and third-parties with whom the parties to this action have or have had business relationships.

2. The party who asserts that particular information should be treated as Confidential Information under this Protective Order has the burden of proof to establish that the information or document is entitled to such protection.

3. Any documents, material, or information to be designated "Confidential" shall be so designated by affixing the legend "**CONFIDENTIAL - 2:20-CV-01886-GMN-BNW**" to each page containing any "Confidential" documents, material, or information.

    a. Affixing the legend "**CONFIDENTIAL - 2:20-CV-01886-GMN-BNW**" on or to the cover of any multipage document which is bound, stapled, or otherwise securely attached shall have the effect of designating all pages of the document as "Confidential" unless otherwise indicated by the designating Party.

    b. If at any deposition in the Action any "Confidential" document, material or information is marked as an exhibit, inquired about, testified about, or otherwise used, the portion of the deposition transcript that relates to such documents, material or information shall automatically be treated as if it had been designated as "Confidential" under the terms of this Protective Order. A Party may designate any portion of the transcript of any deposition in the Action as "Confidential" if the Party determines in good faith that such portion of the transcript contains "Confidential" material or information. Such designation may be made during the deposition or at any time thereafter by notifying both the other Party and the court reporter (or the court reporting agency) of the designation.

4. The inadvertent production by any of the undersigned Parties of any "Confidential" document, material, or information in discovery in this Action shall be without prejudice to any claim that such material is "Confidential." In the event that such production occurs, counsel for the producing Party shall re-designate the document as "Confidential," which shall thereafter apply to such document, material, or information subject to the terms of this Protective Order. Counsel for

the producing Party will also re-produce the documents with the appropriate confidentiality designation. The provisions of Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502(b) shall govern any claim that privileged information was inadvertently produced.

5. Each Party understands that treatment of documents and information as "Confidential" requires additional procedures (as specified in this Protective Order) and litigation therefore can be more burdensome to the extent that such designations are used. Each Party therefore expressly agrees that these designations will be used only when there is a good faith belief that they are warranted. A Party receiving documents, material, or information designated as "Confidential" may object to and request the removal of such designation, initially by making a good faith effort to resolve any such objection by contacting the designating Party, and thereafter by court intervention. Each Party agrees that it will promptly meet and confer in good faith about the removal of a confidentiality designation from a particular document or documents when another party gives notice of its belief that the designation was not appropriate with respect to the document(s) specified. While any application, motion, or other such filing pertaining to the appropriateness of a confidentiality designation is pending before the Court, the documents, material, information or testimony in question shall be treated as "Confidential" pursuant to this Protective Order.

6. Documents, material or information designated as "Confidential" (and any information derived therefrom) may be disclosed or made available by the receiving Party only to the following:

(a) The Court (including the Court's administrative and clerical staff) in written submissions or at any oral hearing in the Action (in the manner provided by paragraph 8 of this Protective Order);

(b) Attorneys of record in the Action and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Action and are not employees of any Party;

(c) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel;

(d) Those officers, directors, partners, members, employees and agents of the undersigned Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and/or defense of this Action; _provided_, _however_, that each officer, director, partner, member, employee or agent given access to documents, material or information designated as "Confidential" shall be advised that such documents, material or information are being disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be disclosed other than pursuant to its terms;

(e) Court reporters transcribing depositions in the Action;

(f) Any deposition, trial or hearing witness in the Action who previously has had access to the documents, material or information, or who is currently an officer, director, partner, member, employee or agent of an entity that has had access to the documents, materials or information;

(g) Outside experts, advisors, consultants and/or translators consulted by the undersigned parties or their counsel in connection with the Action, retained to testify at trial or any oral hearing; _provided_, _however_, that prior to the disclosure of documents, material or information designated as "Confidential" to any such expert, advisor, and/or translator, counsel for the Party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit "A." It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert, advisor, and/or translator, promptly to notify counsel for the designating Party of such breach or threatened breach;

(h) Vendors retained by or for the undersigned parties or their counsel to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; _provided_, _however_, that prior to the disclosure of documents, material or



information designated as "Confidential" to any such person, counsel for the Party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit "A";

(i) Governmental law enforcement agencies and other governmental bodies pursuant to a valid subpoena, or other compulsory order from an administrative agency or regulatory body with appropriate jurisdiction provided that:

    (i) the subpoenaed Party give counsel for the designating Party written notice of such subpoena within the earlier of (a) five (5) business days after service of the subpoena, and (b) five (5) business days prior to any production of documents, material or information in response thereto (unless less time is provided to respond to such subpoena, in which case the subpoenaed Party will provide notice to the designating Party as promptly as is reasonably practicable to allow the producing Party to object to the subpoena before the time for compliance); and

    (ii) at or before the time of production the designating Party may seek to obtain confidential treatment of such "Confidential" subpoenaed documents, material or information from the relevant governmental law enforcement agency, governmental or regulatory body or administrative agency to the fullest extent available under law; and

(j) Any other person that the undersigned Parties agree to in writing; provided, however, that prior to the disclosure of documents, material or information designated as "Confidential" to any such person, counsel for the party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit "A".

7. Documents, material or information designated as "Confidential" shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Action, and not for any other purpose

whatsoever, including without limitation, any business purpose, or for the use in any other action or proceeding, regardless of whether it involves a Party to this Action or not.

8. Nothing herein shall impose any restrictions on the use or disclosure by any party or witness of documents, material or information known or obtained by such party or witness, by legitimate means, independently of the discovery obtained in the Action, whether or not such documents, material or information may additionally have been obtained through discovery in the Action.

9. If documents, material or information designated as "Confidential" are to be included in any papers to be filed with any court or are to be otherwise used before any court, such papers shall be accompanied by an application to file the papers, or the confidential portion thereof, under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

10. Any party to the Action (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other parties to the Action, to modify or grant relief from any provision of this Protective Order.

11. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

(a) operate as an admission by any person that any particular documents, material or information contain or reflect trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

(b) prejudice in any way the right of any party (or any other person subject to the terms of this Protective Order) at any time:

(i) to seek a determination by the Court of whether any particular document, material or information should be subject to protection as a "Confidential" document under the terms of this Protective Order; or

(ii) to seek relief from the Court on appropriate notice to all other parties to the Action from any provision(s) of this Protective Order, either generally or as to any particular document, material or information.

12. Upon the termination of the Action (including all appeals), the undersigned Parties shall either: (a) promptly return to counsel for each designating party all documents, material or information designated by that party as "Confidential" and all copies thereof (except that counsel for each party may maintain in its files one copy of each pleading filed with any court and one copy of each deposition together with the exhibits marked at the deposition), (b) delete/destroy all such documents, material or information; and/or (c) sequester any "Confidential" documents by blocking general access to confidential materials.  Also, upon request, counsel for the designating party shall be given copies of each statement in the form attached hereto as Exhibit "A" that was signed pursuant to this Protective Order.

13. This Protective Order shall survive the termination of this action, to the extent that the information contained in "Confidential" documents, material or information is not or does not become known to the public, and the Court shall retain jurisdiction over this Protective Order for the purpose of enforcing it.

14. Any Party to the Action who has not subscribed to this Protective Order as of the time it is presented to the Court for signature may thereafter become a party to this Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other parties to this Protective Order.

15. Any documents, material or information that may be produced by a non-party witness in discovery in the Action pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" under the terms of this Protective Order, and any such designation by a non-party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Action to resolve and conclusively determine any motion or other application made by any person or party with respect to such designation, or any other matter otherwise arising under this Protective Order.

16. The parties and all signatories to the Certification attached hereto as Exhibit "A" agree to be bound by this Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Protective Order, or in the event that the Court enters a different Protective Order, the parties agree to be bound by this Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Protective Order pending its entry so as to allow for immediate production of Confidential information under the terms herein.

Dated:  March 2, 2023               WRIGHT, FINLAY & ZAK

                                    By:   /s/-Lindsay D. Dragon
                                         LINDSAY D. DRAGON
                                         Attorneys for Plaintiff
                                         DEUTSCHE BANK NATIONAL TRUST
                                         COMPANY

Dated:  March 2, 2023               SINCLAIR BRAUN LLP

                                    By:   /s/-Kevin S. Sinclair
                                         KEVIN S. SINCLAIR
                                         Attorneys for Defendants
                                         FIDELITY NATIONAL TITLE GROUP,
                                         INC. and FIDELITY NATIONAL TITLE
                                         INSURANCE COMPANY

**IT IS SO ORDERED.**

   DATED: March 6, 2023.

                                    _____
                                    THE HON. BRENDA WEKSLER
                                    UNITED STATES MAGISTRATE JUDGE



**EXHIBIT "A"**

**ACKNOWLEDGMENT FORM – PROTECTIVE ORDER**

I, _____, hereby acknowledge that (i) I have read the Protective Order entered in the action presently pending in the United States District Court for the District of Nevada entitled *Deutsche Bank National Trust Company v. Fidelity National Title Group, Inc., et al.,* Case Number 2:20-CV-01886-GMN-BNW (the "Action"); (ii) I understand the terms of the Protective Order; and (iii) I agree to be bound by its terms.

I will not divulge to persons other than those specifically authorized by this Protective Order, and I will not copy or use, except solely for the purposes of this Action, any documents or information obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court.

I further understand that I am to retain all copies of all documents or any information designated "Confidential" provided to me in this Action in a secure manner, and that all copies of such documents are to remain in my personal custody until termination of my participation in this Action, whereupon the copies of such documents will be returned to counsel who provided me with such material.

I consent to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing said Protective Order, enjoining any anticipated violation of the Order, or seeking damages for the breach of said Order.

I declare under penalty of perjury under the laws of the state of Nevada and the United States of America that the foregoing is true and correct.

Executed this ____ day of _____, 20__, at _____, _____.

DATE: _____    _____
                                                                                  Signature

                                                                                  Title

